**PABLO AND LEONOR CRUZ, Appellees**

v.

**JUANITA ORTIZ CRUZ, Appellant**

No. 79-2798

United States Court of Appeals

Third Circuit

Argued April 24, 1980

Filed May 8, 1980

JOSEPH L. COSTELLO, Christiansted, St. Croix, V.I., *for appellees*

KENNETH R. LINDQUIST (R. L. JONES, of counsel), Christiansted, St. Croix, V.I., *for appellant*

## OPINION OF THE COURT

PER CURIAM:

On this appeal, we are asked to decide whether the District Court of the Virgin Islands erred in reversing a portion of the judgment of the territorial court and remanding for a specific calculation of the amount of relief to which appellant Juanita Cruz is entitled.

Upon Juanita Ortiz Cruz' divorce from her husband Hipolito Cruz in 1977, the divorce decree ordered Hipolito to provide shelter for his former wife. Pursuant to this decree, Juanita remained in the marriage home, which was located on land owned by Hipolito's parents, Pablo and Leonor Cruz. Subsequently, the Cruzes requested Juanita to vacate the house, but she refused to do so. Pablo and Leonor then brought an action of eviction in the territorial court, and Juanita counterclaimed for restitution for the value of improvements she had made to the property. The trial court, sitting without a jury, found that Pablo and Leonor were entitled to legal possession of the property, but also found that Juanita, acting under the reasonable belief that she and Hipolito owned the property, had contributed 25% of the house's total value. Accordingly, the trial court awarded Juanita restitution of this sum, plus costs and attorney's fees.

On appeal, the district court affirmed the trial court's holding that Juanita was entitled to restitution for her contribution to the value of the house, but it found that the trial court's determination of the amount of Juanita's contribution was unsupported by the evidence. Consequently, the district court vacated the award and remanded the case for additional evidence regarding the value of Juanita's contribution. Additionally, the district court vacated the trial court's award to Juanita of costs and attorney's fees and instructed the trial court, on remand, to reconsider these issues.

██ Upon a careful review of the record, we conclude that the district court did not err in determining the amount awarded to Juanita for restitution to be unsupported by the evidence. Apparently, the trial judge calculated the value of Juanita's contribution simply by dividing the total value of the house equally among Juanita, Hipolito, Pablo, and Leonor, because he found that each had contributed in "unascertained proportions." No showing was made at the trial, however, that these four persons contributed equally to the house's value. On remand, the court should ascertain the actual

amount of Juanita's contribution, and award an amount that properly reflects that contribution.

■ Appellant also contends that the district court erred in vacating the award to Juanita of costs and attorney's fees and instructing that the trial court should reconsider these issues on remand. Such a procedure is proper, however, in light of our holding in Walter v. Netherlands Mead N.V., 514 F.2d 1130 (3d Cir.), cert. denied, 423 U.S. 869 (1975). In Walter, the court vacated the grant of attorney's fees as a result of its order substantially reducing the judgment awarded by the trial court, and remanded for a redetermination whether the plaintiff should still recover attorney's fees. Id. at 1143. Inasmuch as Juanita's restitution award may be substantially increased or reduced once her actual contribution is ascertained, the trial court should reconsider the issue of attorney's fees.

The judgment of the district court will be affirmed, and the matter remanded for action consistent with the decision of the district court as well as the opinion of this Court.